**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leonicio GARCIA, a/k/a Nicho, a/k/a
Leno, a/k/a Tio, a/k/a Leo, a/k/a Va-
lente Garcia, Defendant—Appellant.**

No. 08–5199.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 22, 2010.

Decided: Aug. 3, 2010.

Herbert W. Louthian, Jr., Louthian Law
Firm, P.A., Columbia, South Carolina, for
Appellant. Jane Barrett Taylor, Assistant
United States Attorney, Columbia, South
Carolina, for Appellee.

Before WILKINSON, AGEE, and
DAVIS, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Leonicio Garcia appeals his conviction
and 235 month sentence for conspiracy to
possess with intent to distribute and dis-
tribute heroin and cocaine, in violation of
21 U.S.C. §§ 841(a)(1), (b)(1), 846 (2006)
(Count 1); unlawful entry into the United
States, in violation of 8 U.S.C. § 1326(a)
(2006) (Count 99); and conspiracy to com-
mit money laundering, in violation of 18
U.S.C. § 1956(a)(1), (h) (2006) (Count 104).
Appellate counsel has filed a brief pursu-
ant to *Anders v. California,* 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), con-
tending there are no meritorious issues on
appeal, but questioning whether Garcia's
guilty plea was valid and whether the dis-
trict court erred in applying a two level
enhancement for possession of a firearm
under *U.S. Sentencing Guidelines Manual*
("USSG") § 2D1.1(b)(1) (2008). Garcia
has filed a pro se supplemental brief, as-
serting that his guilty plea was invalid, as
his attorney advised him to admit to con-
duct he did not commit, and that his attor-
ney was ineffective in advising him to stip-
ulate to being a leader in a conspiracy,
telling him to agree to everything that was
said during sentencing, failing to argue
more vigorously for a greater downward
departure, and misleading him through
threats and duress into entering a guilty
plea. The Government has declined to file
a brief. We affirm.

Because Garcia failed to challenge the
validity of his guilty plea before the dis-
trict court, our review is for plain error.
*United States v. Martinez,* 277 F.3d 517,
525–27 (4th Cir.2002). "To establish plain
error, [Garcia] must demonstrate that an
error occurred, that the error was plain,
and that the error affected his substantial
rights." *United States v. Muhammad,*
478 F.3d 247, 249 (4th Cir.2007). Even if
Garcia makes such a showing, we will not
recognize the error unless it "seriously
affects the fairness, integrity, or public
reputation of judicial proceedings." *Id.*

Prior to accepting a guilty plea, the dis-
trict court, through colloquy with the de-
fendant in open court, must inform the
defendant of, and determine that the de-
fendant understands, the nature of the
charges to which the plea is offered, any
mandatory minimum penalty, the maxi-
mum possible penalty he faces, and the

various rights he is relinquishing by pleading guilty. Fed.R.Crim.P. 11(b). In addition, the court must ascertain that the plea is voluntary and that there is a factual basis for the plea. Fed.R.Crim.P. 11(b)(2), (3). After reviewing the record, we find that Garcia's guilty plea was knowingly and voluntarily entered, in compliance with Rule 11. Accordingly, we find that his guilty plea was valid, and this issue is without merit.

Next, Garcia's counsel contends that the district court erred in enhancing his sentence due to his possession of a firearm, pursuant to USSG § 2D1.1(b)(1). However, because Garcia stipulated to the applicability of such an enhancement in his plea agreement, this issue is without merit.

In accordance with *Anders,* we have reviewed the record and found no meritorious issues on appeal. Additionally, we have reviewed the claims raised in Garcia's supplemental brief and found them to be unavailing. Therefore, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*